# UNITED STATES DISTRICT COURT
## Eastern District of Michigan

UNITED STATES OF AMERICA

v.

Fernando Ford
*Defendant*

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 10-30272

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I—Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a ☐ federal offense ☐ state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed - that is
  - ☐ a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which a maximum term of imprisonment of ten years or more is prescribed in _____.*
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the ☐ date of conviction ☐ release of the defendant from imprisonment for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an) other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

- ☐ (1) There is probable cause to believe that the defendant has committed an offense
  - ☐ for which a maximum term of imprisonment of ten years or more is prescribed in _____.
  - ☐ under 18 U.S.C. § 924(c).
- ☐ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

- ☑ (1) There is a serious risk that the defendant will not appear.
- ☑ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

## Part II—Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by ☑ clear and convincing evidence ☐ a preponderance of the evidence that

Defendant is a 53 year old man separated from his wife who resides alone in a rented room on Nardin Park in the City of Detroit. He is a lifetime resident of Detroit, has two children and three siblings and is employed in an hourly capacity ($11 per hour) at Milton Manufacturing in Detroit. His prior work history is sketchy. He is charged by Complaint with being a Felon in Possession of a Firearm Which had Previously Traveled in Interstate Commerce. Because he qualifies for a sentencing enhancement, he faces 15 years to life if convicted of the instant charge.
(CONTINUE ON PAGE 2)

## Part III—Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

| July 8, 2010 | s/ Mona K. Majzoub |
|---|---|
| *Date* | *Signature of Judge* |
| | MONA K. MAJZOUB - UNITED STATES MAGISTRATE JUDGE |
| | *Name and Title of Judge* |

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. § 801 *et seq.*); (b) Controlled Substances Import and Export Act (21 U.S.C. § 951 *et seq.*); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. § 955a).

Defendant has a severe life long alcohol problem for which his wife states he needs help. Nothing in the information available to the court reflects that he has ever sought help for his alcohol addiction.

Defendant's criminal history is long and reflects a pattern of continuing violence using weapons. On May 31,1979 he was found guilty of Felony Armed Robbery and was sentenced to three years six months to ten years custody. He was discharged from parole on 4/08/87.

On 9/5/79 Defendant was found guilty of Manslaughter involving a weapon and was sentenced to three to fifteen years custody. He was discharged from parole on 10/30/92.

On 7/28/84 Defendant was found guilty of Burglary and Other Forced Entry and was sentenced to one year six months to fifteen years.

On 7/28/96 Defendant was found guilty of Assault With a Dangerous Weapon and Domestic Violence. He was sentenced to three years probation.

On 4/26/01 Defendant was found guilty of Home Invasion and Domestic Violence and was sentenced to one year custody.

On 4/27/01 Defendant was arraigned for Violation of Probation and was sentenced to one year custody.

On 2/26/08 Defendant failed to appear for a traffic offense in state court.

Defendant was involved in an automobile accident on June 21, 2010 at Rosa Parks and Michigan Avenue in the City of Detroit. Defendant was driving a 1995 Lincoln and when the officers arrived to investigate the accident they were told by the driver of the other car that Defendant had a handgun in his waistband that she saw him place in the trunk of his car. Defendant Ford admitted, upon being questioned by the officer, that he did place his handgun in the trunk of his Lincoln. The gun was recovered by the officer and was found to be a .45 cal, Norinco, Model 1911A1, Serial number 531290. Defendant was arrested for carrying a concealed weapon.

Defendant's wife stated that if he were released on bond that Defendant could reside with her at her house ONLY on the condition that he cease drinking alcohol. Defendant is a danger to himself and others because of his alcohol addiction, and this court could not in good conscience release him to life with his wife knowing his past history for repeated acts of domestic violence, weapons offenses, and other violent criminal behaviors. Defendant's alcohol addiction impedes his ability to use good judgment and follow the orders of the Court and to conduct himself lawfully. He faces a 15 year minimum, and he has a history of failing to appear in court. He has violated his probation in the past. Defendant is a danger to himself and others, and he is a risk of flight. This Court agrees with the assessment and conclusion of the Pretrial Services Officer that there is no condition or combination of conditions that would guarantee Defendant's appearance in Court or the safety of the community and therefore Detention is Ordered.